DELILAH E. WRIGHT *v.* ELVIRA SMITHSON.

1. WILLS. *Devisavit vel non.* A general verdict and judgment in favor of the will establishes it for all purposes—as to the realty as well as the personalty.

2. ERROR. *When not ground of reversal.* An appellant having obtained judgment in his favor to the full extent demanded, is not entitled to a reversal, although errors may have been committed against him.

FROM WEAKLEY.

Appeal in error from the Circuit Court of Weakley county. T. C. FRYAR, Sp. J.

M. D. CARDWELL and J. R. THOMASON for Wright.

J. A. GARDNER and H. H. BARR for Smithson.

MCFARLAND, J., delivered the opinion of the court.

The plaintiff propounded in the county court of Weakley county, a paper writing which she averred was the last will and testament of Alecia Toel, deceased, and in which plaintiff was appointed executrix. The defendant, as heir at law, appeared and asked leave to contest the will, and bond and security having been entered into by her, the matter was certified to the circuit court and an issue *devisavit vel non* regularly made up.

The paper writing set forth in the declaration disposes of one piece of real estate specifically, and besides,

disposes in general terms of the testatrix's entire remaining estate of every character and description. The verdict of the jury and judgment are in these words, to-wit: "That the writing mentioned in the issue is the last will and testament of Alecia Toel, deceased. It is therefore considered by the court that the writing aforesaid is the last will and testament of Alecia Toel, deceased."

Then follows a judgment for costs and an order that a copy of the record be certified to the county court of Weakley county. The plaintiff moved the court for a new trial, which motion was overruled. She thereupon took a bill of exceptions and appealed in error to this court. The defendant did not move for a new trial or appeal, and now insists upon an affirmance of the judgment. The plaintiff, on the other hand, insists that various errors were committed against her in the progress of the cause below, and for these errors insists upon a reversal of the judgment.

This apparently anomalous attitude of the parties grows out of a misapprehension of the effect of the verdict and judgment rendered. It has been assumed that the effect was to establish the will as to the personalty only, and the plaintiff has appealed because the verdict and judgment did not in terms set up the will as to the realty also.

The assumption is erroneous. We are clearly of opinion that the verdict and judgment establishes the will for all purposes. There is no exception in the finding and judgment; it is in favor of the paper propounded and every part thereof, as well the por-

tion disposing of the realty as the personalty. It matters not the verdict and judgment are apparently contrary to the views which appear to have been entertained by the trial judge, as appears from the bill of exceptions. The defendant did not for this or any other reason ask for a new trial. From his Honor's standpoint the verdict of the jury may have been contrary to the law and the evidence; nevertheless, there is no ambiguity either in the verdict or judgment, and the defendant, not having excepted or appealed, cannot assign error upon the proceeding. Nor does it matter that the paper as set out in the declaration is without attesting witnesses. It might well be set up as a holographic will, according to the plaintiff's declaration.

We hold, therefore, that the plaintiff is not entitled to a reversal. We do not place our decision upon the ground that no errors were committed—for as to this we express no opinion—but upon the ground the verdict and judgment is in the plaintiff's favor to the full extent demanded.

The judgment is affirmed.